Stokes *v.* Landgraff and others.

The principle is well settled that a manufacturer may, by priority of appropriation of names, letters, marks, or symbols of any kind, to distinguish his manufactures, acquire a property therein, as a trade mark, for the invasion of which an action for damages will lie ; and in the exclusive use of which he may have protection, when necessary, by injunction.

In all cases where names, signs, marks, brands, labels, words or devices of any kind can be advantageously used to designate the goods or property, or particular place of business, of a person engaged in trade or manufacture, or any similar business, he may adopt and use such as he pleases, which are adapted to that end and have not been before appropriated ; and no other person can lawfully imitate them, and by that means sell his own goods or property, or carry on his business, as the goods, property or business of the former. If any one does so, he is liable in an action for damages, or may be restrained by injunction.

But in respect to words, marks or devices which do not denote the goods or property, or particular place of business, of a person, but only the *nature, kind* or *quality* of the articles in which he deals, a different rule prevails. No property in such words, marks or devices can be acquired.

Motion on the part of the defendants to vacate an injunction. The plaintiff, who was a manufacturer of glass at the village of Clyde in the town of Galen, in the county of Wayne, complained that the defendants, who were glass manufacturers at Cleveland, in the county of Oswego, were fraudulently using his trade marks ; and he sought to restrain them from so doing, and to recover damages therefor. A temporary injunction was granted to the plaintiff, which the defendants applied to have vacated. The other facts sufficiently appear in the opinion of the court.

*J. Vandenbergh & T. Jenkins,* for the defendants.

*S. A. Goodwin,* for the plaintiff.

T. R. Strong, J. The principle is well settled, that a manufacturer may, by priority of appropriation of names, letters, marks, or symbols of any kind to distinguish his manufactures, acquire a property therein, as a trade mark, for the invasion of which an action for damages will lie, and in the exclusive use of

Stokes *v.* Landgraff.

which he may have protection, when necessary, by injunction. The wrong, in such a case, for which those remedies are given, consists in misrepresenting to the public, by the use of that trade mark, goods or wares of another person as having been manufactured by the true proprietor of that mark, and thereby depriving him, to a greater or less extent, of the benefit of the good will of his establishment, and the reputation of his articles. The same principle extends to all branches of business where the like reason for its application exists. In all cases where names, signs, marks, brands, labels, words or devices of any kind, can be advantageously used to designate the goods or property, or particular place of business, of a person engaged in trade, or manufactures, or any similar business, he may adopt and use such as he pleases, which are adapted to that end, and have not been before appropriated; and no other person can lawfully imitate them, and by that means sell his own goods or property, or carry on his business, as the goods, property or business of the former. If any one does so, the remedies before referred to are allowed by law to the party injured. The law on this subject is quite fully presented in *Coats* v. *Holbrook*, (2 *Sandf. Ch. R.* 586,) and the extended note to that case, embracing several authorities in this state, and many English cases. (*Taylor* v. *Carpenter*, 11 *Paige*, 292. *Partridge* v. *Menck*, 2 *Barb. Ch. R.* 101. *Amoskeag Man. Co.* v. *Spear*, 2 *Sandf. S. C. R.* 599. *Howard* v. *Henriques*, 3 *Id.* 725. *Snowden* v. *Noah, Hopkins' Ch. R.* 347.)

In respect to words, marks, or devices, which do not denote the goods or property, or particular place of business, of a person, but only the nature, kind or quality of the articles in which he deals, a different rule prevails. No property in such words, marks or devices can be acquired. There is obviously no good reason why one person should have any better right to use them than another. They may be used by many different persons at the same time, in their brands, marks or labels, on their respective goods, with perfect truth and fairness. They signify nothing, when fairly interpreted, by which any dealer in a similar article could be defrauded. This doctrine will be found fully sustained by the cases above referred to.

Are the words, forming part of the marks or brands of the plaintiff, on his boxes or packages of glass, the use of which by the defendants in their marks or brands, on their boxes or packages of glass, in imitation of the marks or brands of the plaintiff, is complained of, employed by the plaintiff to designate his glass, or glass manufactured at his manufactory, and do they, as used by the plaintiff and the defendants, convey that idea ; or are they employed by both, to indicate merely the qualities of their respective manufactures ? If the former, then so far as the right of the plaintiff to the marks or brands used by him, and the imitation of them by the defendants, is established, the injunction must be retained; but if the latter, the injunction must be dissolved.

It is alleged by the plaintiff, in his complaint, that from the time of the erection of his manufactory, " certain marks or brands had been adopted and used by his predecessors, and are continued by the plaintiff to distinguish the several qualities of window glass manufactured and sold by them and by the plaintiff, to wit, the word 'Galen,' to denote the first quality, the word ' Lake,' to denote the second quality, the word ' Cylinder,' to denote the third quality, the word ' Wayne,' to denote the fourth quality, and the word ' New-York,' to denote the fifth quality of glass manufactured at the said works ; and that the said marks or brands have ever been, and now are used to denote and distinguish the respective qualities above mentioned." After an allegation of priority of use by the proprietors of the plaintiff's manufactory, the plaintiff proceeds to say, " that the said marks or brands are placed in Roman letters upon each box or package of glass manufactured by the plaintiff, to designate the quality of the glass contained in the respective boxes or packages, and to distinguish the glass manufactured by the plaintiff, from that manufactured by other persons, or at other manufactories." In respect to the imitation of the marks or brands of the plaintiff by the defendants, it is alleged in the complaint that the defendants "have manufactured for sale large quantities of window glass, greatly inferior in quality and value to that manufactured by the plaintiff, and caused it to be put up in boxes or packages, and

fraudulently caused the said boxes or packages to be branded or marked with the words 'Galen,' 'Lake,' 'Cylinder,' 'Wayne,' and 'New-York,' or some or one of them, in imitation of the several brands or marks used by the plaintiff, and with intent to cause it to be believed by the purchasers, builders and the public, that such glass was manufactured at the glass works belonging to the plaintiff, and to enable the defendants to sell the said glass as the manufacture of the plaintiff."

The defendants, in their answer, deny that those words are used by the plaintiff to distinguish the glass manufactured by him from that manufactured by other persons, or at other manufactories; and insist that they are used by the plaintiff and defendant to distinguish the several qualities of their glass; they also deny that they have employed those words for the purpose of selling their glass as the manufacture of the plaintiff, or that their glass is inferior to the plaintiff's.

Annexed to the answer are transcripts of the several marks or brands both of the plaintiff and defendants, from which it appears that in each of the plaintiff's marks or brands, in addition to one of the words above named is his name, and the village where his manufactory is situated, with a representation of the size, and number of feet of glass, as "Stokes—Clyde—Galen 8 x 12  50 feet;" or "Stokes—Clyde—Cylinder 8 x 12  50 feet," &c.; and that each of the defendants' marks or brands, having either of the words "Galen," "Lake," or "Cylinder," has, in addition, the name "Landgraff," with a representation of the size and quantity of glass, as "Landgraffs—Galen, 8 x 12  50 feet," or "Landgraffs Cylinder 8 x 12  50 feet," &c. The brand of the defendants' having the name New-York, is in this form, "Cleveland New-York," with a similar representation of size and quantity to those above given.

Affidavits have been read on both sides, from which, and also from statements in the answer, it appears that it is the practice of manufacturers of glass, to designate the several qualities by names similar to those used by the parties to this action, and not by words or figures, in terms expressing the qualities. In

neither of the brands of the plaintiff or defendants, containing either of the words mentioned, is any other indication of quality.

In regard to the words " Cylinder," " Lake," and " New-York," I am entirely satisfied that there is no propriety, or even plausibility, in the claim that they are used by the plaintiff, in part, to distinguish his glass, or glass of his manufacture. They are not adapted to that end. Other words are employed for that purpose; the name of the plaintiff, and the name of the village where his manufactory is located. Neither of the words " Cylinder" or " Lake," in its ordinary sense, expresses the manufacturer, or the manufactory, or where the manufactory is. Besides, the practice of manufacturers of glass above stated, and the appearance of the plaintiff's marks or brands in connection with it, show they are used to denote quality, and the plaintiff admits that is, in part, their object.

The word " Wayne," being the name of the county in which the town of Galen and village of Clyde are situated, is not in any of the brands of the defendants.

The word " Galen" might properly be used to signify the place of the manufactory, but it was wholly unnecessary, and no motive for its employment, for that object, appears. The place is fully and sufficiently designated without that word. In view of the facts above referred to, I am constrained to believe it is used for the same purpose only, as the words " Lake" and " Cylinder," and that it is so understood by dealers in glass generally.

The appearance of the defendants' brands having the words in question, in connection with the aforesaid practice of glass manufacturers, clearly proves, I think, that the employment of those words by them is simply to denote quality, and that dealers in glass must so understand it.

It is possible that consumers of glass may, to some extent, be led to believe, by the use of the words in the defendants' marks or brands, that the boxes or packages upon which those marks or brands are, contain glass manufactured at the plaintiff's manufactory; but a similar deception might be produced by the use, by both parties, of any words representing quality merely. If an impression is derived from the words which was not intended

to be made by them, and different from their natural meaning, and injury thereby results, it must, I think, be attributed solely to the practice referred to in designating qualities, by which the true qualities must necessarily, to a considerable extent, be concealed from the consumers.

Having come to the conclusion that the words in question are used by both parties as indicative of quality only, it is unnecessary to consider the question raised, as to the superior right of the plaintiff to the use of some of them, and whether the imitation by the defendants of the plaintiff's marks or brands, is such as to entitle the latter to complain.

The motion must be granted, with ten dollars costs.

Injunction vacated.

[CAYUGA SPECIAL TERM, October 3, 1853.   *T. R. Strong*, Justice.]

NOTE. This decision was *affirmed* upon appeal, at a general term held by JOHNSON, WELLES and T. R. STRONG, justices, at the city of Rochester, in September, 1854.