JOHN CLARK, jun. and MATTHEW CLARK *vs.* GEORGE CLARK.

The law of trade-marks is of recent origin, and may be comprehended in the proposition that a dealer has a property in his trade-mark.

The ownership is allowed to him, that he may have the exclusive benefit of the reputation which his skill has given to articles made by him, and that no other person may be able to sell to the public, as his own, that which is not his.

An imitation of his mark, with partial differences such as the public would not observe, does him the same harm as an entire counterfeit, and will be enjoined, accordingly.

Clark v. Clark.

A party will be restrained, by injunction, from using the same trade mark which has previously been used by another; and from any imitation of it with only colorable differences.

APPEAL from an order made at a special term, dissolving an injunction. The injunction restrained the defendant from making, devising or causing to be made or devised, and from purchasing, procuring or using on any cotton sewing thread or packages or spools thereof in their possession, or under their control, or by or for them, or either of them, imported into, or sold or offered, or kept for sale within the United States, any parti-colored label, ticket or trade mark of a like design, arrangement, lettering, coloring or combination of lettering and coloring, to that used by the plaintiffs as in the complaint stated, or being a colorable imitation thereof; also from selling or offering for sale within the United States, any cotton sewing thread or spools or packages thereof, bearing thereon the label, ticket or trade marks, or either of them, in the complaint complained of; or any label, ticket or trade mark having a gold leaf colored center ground, or displaying blue, black, silver leaf and gold leaf colors, or lettered in the Egyptian, antique, or gothic style, or in the colors of lettering in the complaint described as used by the plaintiffs in their trade mark, or any other label, ticket or trade mark, being a colorable imitation of that of the plaintiffs as in the complaint set forth; also from the further publication within the United States of the advertisement in the complaint complained of, or any advertisement implying that the thread sold by them was the thread manufactured by the plaintiffs and established and known in the United States as Clark's thread, as in the complaint alleged.

*Martin & Smiths,* for the appellants.

*E. W. Stoughton,* for the respondent.

*By the Court,* MITCHELL, J. The plaintiffs are manufacturers, at Mile End, Glasgow, of spool cotton. In 1843, they

used their present trade mark, consisting of four concentric circles; the inner one in gold, the next in silver, the next in black with letters in gold, and the next in silver; the whole bounded by two concentric black lines. In the inner circle is the No. of the cotton; in the next, "J. Clark, Jr. & Co., Mile End, Glasgow." "J. Clark Jr. & Co." being at the top, and " Mile End, Glasgow" at the bottom. In the next circle are the words " Six cord cabled thread warr'd 200 yards." In the outer circle are the words " Sole agent Wm. Whitewright, New York." J. & J. Clark & Co. are also manufacturers of the same article at Seed Hill, Paisley, and the defendant is their agent. They have both sold largely of the article, in the United States. The defendant, some years after the plaintiffs' trade mark was well known, adopted one for his cotton to be sold in the United States, consisting of concentric spaces of precisely the same dimensions as those of the plaintiffs, of the same colors, in the same order, with the letters in black or in gold, as in the plaintiffs. There is the same No. for the inner circle, with the same kind of stamp. In the next circle are the words " Clark & Co., Seed Hill, Paisley;" " Clark & Co." being at the top, as in the plaintiffs', and the same words, as far as they go, as in the plaintiffs, and the other words below and in the reverse order, as are also the plaintiffs'; though these last words are entirely different from the plaintiffs'. Then in the next circle " Six Cord Cabled thread warr'd 200 yards," precisely as in the plaintiffs', in black ground and gold letters; and in the outer circle the words " Sole agent, George Clark, New York." The words " Sole agent—New York," being the same as the plaintiffs' in every respect, even to their position; the place of their beginning and ending, and the stamp for the letters, being exactly alike, also, in both.

There is thus an evident design to imitate the plaintiffs' mark, and it is successfully carried out by actually transferring the face of the plaintiffs dye to the defendants', in all respects, except that the plaintiffs have on theirs "Wm. Whitewright"— " Mile End, Glasgow"—"J. Clark Jr. & Co." where the defendants have " George Clark"—" Seed Hill Paisley"—" Clark

Clark *v.* Clark.

& Co." The effect of this imitation must be that all except very cautious purchasers would be deceived. Some who may have known that Wm. Whitewright was the agent of the plaintiffs, would naturally suppose that George Clark had been substituted. So that the difference in the names of the agents would not prevent deception. The name " Clark & Co." is so near to " J. Clark Jr. & Co." that it would pass for the same ; especially when placed in the same position, in the same kind of letters, and on the same ground. The difference in residence, being stamped so as to be read in the reverse of the rest of that circle, might pass unnoticed.

The law of trade marks is of recent origin, and may be comprehended in the proposition that a dealer " has a property in his trade .mark." The ownership is allowed to him, that he may have the exclusive benefit of the reputation which his skill has given to articles made by him, and that no other person may be able to sell to the public, as his, that which is not his. An imitation of his mark, with partial differences such as the public would not observe, does him the same harm as an entire counterfeit. If the wholesale buyer, who is most conversant with the marks, is not misled, but the small retailer or the consumer is, the injury is the same in law, and differs only in degree. The right of action must exist for the last, as well as the first. If all consumers do not discriminate in the end, it would be indifferent, even to the wholesale buyers, from which of the two they bought, and thus the *extent*, also, of the injury would be as great as if they also were deceived. It would follow that the defendants in this case should be enjoined from using the mark which they now use, and from any imitation of it with only colorable differences. But the injunction should not be as broad as it was originally granted. It should be so expressed that the defendants might distinctly understand what is prohibited. Their firm name is J. & J. Clark & Co. They manufacture six cord cabled thread; they have George Clark as their agent in New York. All this they may express, as well as the number of their thread. But they should express it so as not to appear to imitate the plaintiffs. This could be done by inserting their

---
Clark *v.* Clark.
---

firm name, instead of only a part of it; by changing the order of the colors in the concentric circles, and the style of the lettering and figures, and the position of the letters. There will be still a similarity between the labels of the two, that may mislead some. But this results from two persons of nearly the same name being engaged in the same business, and the undoubted right of each to use his own name, and to describe the article which he sells by its well known name; but does not result from an imitation of the mark of the other.

The injunction should be modified accordingly.

The plaintiffs complain that the defendants caused to be inserted in the newspapers an advertisement that "Clark's spool cotton was sold wholesale only by George A. Clark," and that their cotton had obtained the designation of "Clark's spool cotton." The defendants show that this advertisement was inserted in consequence of the plaintiffs having previously caused to be inserted in the daily papers an advertisement that "Clark's spool cotton, the genuine article, has the name of Wm. Whitewright on every spool." Both parties deal in spool cotton, and as both are of the same name, each is entitled to have his called by the name of "Clark's spool cotton." The advertisement of each was therefore unjustifiable. The defendant's advertisement, if intended only indirectly to negative the plaintiffs', must be considered as part of a war of advertisements, in which neither has the right to call upon the court to interfere in his behalf until he lays down the hostile weapons which he has assumed, and comes, in a peaceful attitude, to ask for the protection of the law.

For this reason the injunction should not be continued, as to the advertisement, unless the plaintiffs stipulate to forbear such advertisements as they have published. The injunction should be modified in this respect also.

[NEW YORK GENERAL TERM, May 4, 1857. *Mitchell, Davies* and *Roosevelt*, Jusjices.]