## BURNETT v. PHALON.

September, 1867.

Affirming 9 *Bosw.* 192.

The rule that a manufacturer, or merchant for whom goods are manufactured, has a right to distinguish the goods that he manufactures or sells, by a peculiar mark or device, in order that they may be known as his in the market, and that he may thus secure the profits that their superior repute, as his, may be the means of gaining, and that this right will be protected by injunction,—applies to the use of such a compounded term as " Cocoïne," to designate a hair-wash in which cocoanut oil is a principal ingredient. And the subsequent adoption, by a rival dealer, of the word " Cocoïne," to designate a similar compound put up by him, is an infringement against which the courts will interpose by injunction. *

Joseph Burnett and William Otis brought this action in the New York superior court, against Edward and Henry A. L. Phalon, to restrain the defendants from manufacturing, using, selling, or in any manner disposing of a compound or preparation with the name " Cocoïne," or " Cocoaine" printed or stamped upon the bottles, labels, wrappers, covers, or packages thereof; also from using the word "·Cocoaine" or " Cocoïne" upon any wrappers, labels, or trademarks, and also from manufacturing, selling, or offering for sale, any preparation or compound under the name of " Cocoïne" or " Cocoaine ;" and also from imitating, in any manner, the trademark "Cocoaine ;" and that defendants may account to the plaintiffs, and pay over to them the profits of all the said material sold under the stimulated name and trademark above set forth.

Upon the trial by the court, without a·jury, the following facts were found:

* See Congress Spring *v.* High Rock Spring, 10 *Abb. Pr. N. S.* 848, and note ; Bininger *v.* Clark, *Id.* 264, and note ; Rillet *v.* Carlier, 11 *Id.* 186 ; Gillott *v.* Esterbrook, 48 *N. Y.* 374.

1. That in or about the month of November, 1856, the plaintiffs, druggists, and apothecaries, compounded from cocoanut oil, and other ingredients, a mixture used as a hair-wash, for which they devised as their trademark a name, word, device, or title never before used, by which to mark their said compound, to wit, the name or word "Cocoaine," and that they published the same very extensively, with notice that they had adopted said name or title, as their "trademark," to secure the public and the proprietors against imposition, and that all unauthorized use of this trademark would be promptly prosecuted; that the plaintiffs then and thereupon introduced their said compound into the market, and expended a sum exceeding ten thousand dollars in advertising, publishing, and introducing the same.

2. That in or about the month of November, 1858, the defendants, Edward Phalon and Henry A. L. Phalon, composing the firm of Phalon & Son, of the city of New York, hair-dressers and perfumers, commenced the preparation and sale of a similar compound, in bottles not unlike those containing the plaintiffs' compound, and with labels under the name and title of "Cocoïne," and that they have since manufactured and sold large quantities thereof.

3. That the defendants, well knowing that the name, word, or title, of "Cocoaine" was, and for a considerable time had been the trademark of the plaintiffs, with the wrongful intention of inducing the public to believe that the compound sold by themselves under the name, word, or title of "Cocoïne" was that of the plaintiffs; and with the wrongful intention of securing to themselves the benefit of the skill, labor, and expense of the plaintiff, had so closely imitated and used the aforesaid trademark of the plaintiffs as to deceive the public and injure and endamage the plaintiffs. That the word, name, title, or device "Cocoïne" is a spurious and unlawful imitation by the defendants, of the word, name, title, or device "Cocoaine." the aforesaid trademark of the plaintiffs.

4. There was no evidence to support the defendants' allegations that the plaintiffs have in any manner committed any fraud, or imposed upon the public.

5. That the plaintiffs are entitled to the relief demanded in

the complaint, that the defendants be perpetually enjoined and restrained from the further imitation and use of the aforesaid trademark of the plaintiffs, and that the damages which the plaintiffs had sustained they were entitled to recover.

Such damages having been ascertained, judgment was rendered accordingly for the plaintiffs; and on an appeal to the general term, the same was affirmed.

(Reported in 9 *Bosw.* 192.)

*E. W. Dodge,* for the defendants, appellants;—Cited *Upton on Trademarks,* 171, 179, 187; Amoskeag Manufacturing Co. *v.* Spear, 2 *Sandf.* 599; Fetridge *v.* Wells, 4 *Abb. Pr.* 144; S. C., 13 *How. Pr.* 385; Stokes *v.* Landgraff, 17 *Barb.* 608; Williams *v.* Johnson, 2 *Bosw.* 1; Wolfe *v.* Goulard, 18 *How. Pr.* 64; Corwin *v.* Daly, 7 *Bosw.* 222; Howard *v.* Henriques, 3 *Sandf.* 725; Knott *v.* Morgan, 2 *Keen,* 113; Stone *v.* Carlan, 3 *Code Rep.* 67; Marsh *v.* Billings, 7 *Cushing,* 311; Genin *v.* Chadsey 12 *Abb. Pr.* 69.

*John Sherwood,* for plaintiffs, respondents;—Cited Taylor *v.* Carpenter, 2 *Sandf. Ch.* 603; Williams *v.* Johnson, 2 *Bosw.* 1; Gout *v.* Aleploghu, 6 *Beav.* 69; Stokes *v.* Landgraff, 17 *Barb.* 608; Wolfe *v.* Goulard, 18 *How. Pr.* 64; Croft *v.* Day, 7 *Beav.* 84; Howard *v.* Henriques, 3 *Sandf.* 725; Sykes *v.* Sykes, 3 *B. & C.* 541; Rogers *v.* Nowhill, 5 *Man., Gr. & Scott,* 109; Morrison *v.* Salmon, 2 *Man. & Gr.* 385; Day *v.* Binnings, 1 *Coop. Ch.* 489; Ransome *v.* Bentall, 3 *Law J. R. N. S.* 161; see also cases in *Upton on Trademarks,* 122; Farina *v.* Silverlock, 39 *Eng. Law & Eq.* 517; Judge DUER, in Amoskeag Mfg. Co. *v.* Spear, 2 *Sandf.* 599; see also Clark *v.* Clark, 25 *Barb.* 76; Brooklyn White Lead Co. *v.* Masury, 25 *Barb.* 416; Williams *v.* Johnson, 2 *Bosw.* 1; Coffeen *v.* Brunton, 4 *McLean,* 576; Hine *v.* Lart, 10 *Lond. Jur. R.* 106; McAndrew *v.* Burnett, 10 *Jur, N. S.* 492; Barrows *v.* Knight, 6 *R. I.* 434.

BY THE COURT.—DAVIES, Ch. J.—Upon the facts found by the court, the right of the plaintiffs to the relief granted is clear and indisputable. The plaintiffs have adopted, appropriated and used a certain trademark. This has become their

property, and, for its protection from invasion or use by others, the plaintiffs are entitled to invoke the aid of courts of justice.

We have the ascertained facts before us, that the defendants are using a spurious and unlawful imitation of the plaintiff's trademark. This they cannot be permitted to do. The cases in the courts of this State have firmly established this doctrine. Coats *v.* Holbrook, 2 *Sandf. Ch.* 586, and cases there cited; Taylor *v.* Carpenter, *Id.* 603; same case in court of errors, *Id.* 611; Partridge *v.* Menck, *Id.* 622; Williams *v.* Johnson, 2 *Bosw.* 1; Stokes *v.* Landgraff, 17 *Barb.* 608; Wolfe *v.* Goulard, 18 *How. Pr.* 64; Clark *v.* Clark, 25 *Barb.* 76; Brooklyn White Lead Co. *v.* Masury, *Id.* 416.

The rule is nowhere laid down with more clearness and accuracy than by Mr. Justice DUER, in his elaborate and able opinion in the case of Amoskeag Manufacturing Company *v.* Spear, 2 *Sandf.* 599. He thus says: "Every manufacturer, and every merchant for whom goods are manufactured, has an unquestionable right to distinguish the goods that he manufactures or sells, by a peculiar mark or device, in order that they may be known as his, in the market for which he intends them, and that he may thus secure the profits that their superior repute as his may be the means of gaining. His trademark is an assurance to the public of the quality of his goods, and a pledge of his own integrity in their manufacture and sale. To protect him, therefore, in the exclusive use of the mark that he appropriates, is not only the evident duty of a court, as an act of justice, but the interests of the public, as well as of individuals, require that the necessary protection shall be given." Upon the facts proved by the court on the trial of this action —and such finding is conclusive upon this tribunal—the judgment of the superior court of New York was correct, and should be affirmed with costs.

All the judges concurred.

Judgment affirmed, with costs.