Monell, J.
The plaintiffs in this case claim that the trademark, in the exclusive use of which they seek to be protected, consists as well of the red rim round the chime, and extending for about an inch upon the head of the barrel and the glazed or shellaced preparation of the head, as of the letters, designs, and words indented or burned in upon the head; that the combination should be, as they claim it was intended, taken together, to give expression to their trademark.
I think the plaintiffs have a right so to claim.
A trademark does not necessarily consist of words alone or of words combined with figures or designs alone.
The package, case, or vessel in which the commodity is put, if prepared in a peculiar or novel manner, although in itself perhaps not a trademark, may very properly be a very important part of it; and where a peculiar device is applied to a box or barrel which has been especially prepared to receive and give prominence to the design, such specially prepared box or barrel constitutes a part of the trademark, and may participate in the protection which will be given to the trademark itself.
In the case before me, I have no doubt that if the plaintiffs are the proprietors of the trademark they claim to be the owner of, and such trademark has been unlawfully used by the defendants, the plaintiffs are entitled to be protected in the exclusive use of the combination formed by the peculiar preparation of the *394 head of the barrel, and the impression of the device and words upon it.
The questions before me therefore, are : First. Are the plaintiffs the owners of the trademark which they alleged to have been improperly used by the defendants ? Second. Has such trade-mark been improperly used by the defendants ?
Answering the second inquiry first. I cannot, upon an examination of the proofs and an inspection of the. designs and devises used by the respective parties, entertain a doubt that the device used by the defendants was intended to be and is so far an imitation of the trademark claimed by the plaintiffs, as to be calculated to deceive and mislead dealers in the commodity manufactured by the respective parties. The only difference between the two devices consists in the substitution, by the defendants, of three X’s in place of three A’s, and of a crown for a Maltese cross.
The preparation of the head of the barrel, with the red painted chime and rim, and the shellac finish, with the burnt-in impression of the device and words, is precisely the same in the respective designs. I think any person would readily and easily be deceived, mistaking one for the other.
It was not by accident that the coincidence of the two designs was effected. , It must have been the intention of the defendants to make their device so much in the similitude of that used by the plaintiffs, that purchasers would mistake one for the other; otherwise, they would not have adopted the painted ring and the glazed head of the barrel, with the words designating the commodity to be sold in letters of the same size and appearance as those used by the plaintiffs. Nor are the defendants relieved from the charge of intending to deceive, by the slight change in two of the designs employed by the plaintiffs.
Those designs constitute a small, and, as I think, *395 an insignificant portion of the whole trade-mark, and are subordinated to the principal and distinguishing portion—“ Old Valley Whiskey.”
But independent of the manifest similitude of the two devices, which upon a bare inspection is sufficient to satisfy me that purchasers can easily and readily be deceived, I am furnished, in addition, with proof of actual deceptions practiced by the defendants upon purchasers, who believed they were purchasing whiskey manufactured and prepared by the plaintiffs.
The case, therefore, so far as it is alleged that the device used by the defendants is an infringement of the trademark claimed by the plaintiffs, is sufficiently made out, and the plaintiffs are entitled to be protected in its exclusive use if they are the proprietors of it, and that is the only question of any difficulty upon this motion.
I think the weight of the evidence is, that the designation or name of “Old Valley Whiskey” was adopted and employed by other persons than the plaintiffs before the latter invented and adopted the whole design or device which they now claim. At least it was proved by the defendants that Old Valley Whiskey was manufactured and known by that name in the market several years prior to the plaintiffs’ device. And if the plaintiffs’ trademark consisted of the designation “ Old Valley Whiskey ” only, I think their claim to it as the original inventors or adopters of it would fail. But, as I understand it, they claim, as I have already stated, something more, and there is no evidence before me, or any pretense on the part of the defendants, that the devices, designs, and characteristics, which in combination constitute the plaintiffs’ trademark, were invented, adopted, or previously used by any person.
If I am right, therefore, that the plaintiffs’ trademark consists of the combination which they have formed of devices, figures, letters, and designs, then it *396 is not material that a portion of it has been previously used without any such combination by other persons.
Such previous use of a part only would not authorize an adoption of the whole, or anything in similitude of the whole.
Had the defendants stamped upon their barrel heads merely the words “Old Valley Whiskey,” it would not have been an infringement of the plaintiffs’ right. The defendants have the right both to manufacture and sell that description of whiskey. But they have no right to put it into barrels prepared and stamped with the device adopted and used by the plaintiffs, or any device so like the plaintiffs as to deceive and mislead purchasers.
I think, for the purpose of this motion, therefore, that the plaintiffs have shown enough to establish their right to be protected in the exclusive use of the trademark they have adopted. No evidence has been produced in opposition, to establish a prior adoption or use of the entire combination, and prior use of part only is not sufficient. The injunction, therefore, so far as necessary to protect the plaintiffs in the exclusive use of their trademark, must be continued during the pendency of the action and until a trial upon the merits can be had.
Let the injunction, however, be modified, so that it shall restrain the defendants from using the device and design which they have heretofore used upon barrels or half-barrels of whiskey, but not so as to restrain them from manufacturing or selling Old Valley Whiskey when put up in barrels without such device or design being put upon such barrels
Subsequently the action was tried before the same justice without a jury, when the following opinion was delivered:
Monell, J. In deciding this case, I need say but *397 little in addition to what I have already said in deciding the motion to dissolve the preliminary injunction. That motion was founded wholly upon affidavits and documentary proof, and was resisted by like proofs. At that time the only question upon which, on the proofs then before me, I entertained any doubt, was as to the plaintiffs’ ownership of the trademark, which they claimed had been violated by the defendants. That the device then used by the defendants was in all, or so far in all respects like the trademark claimed to belong to the plaintiffs, that it was calculated to deceive the public, I entertained no doubt; but it was not made entirely clear that the plaintiffs could be regarded as the owners, either as being the inventors, adopters, or purchasers of the devices and designs constituting their trademark.
Upon this trial the witnesses have been examined orally, and testimony has been taken both as to the ownership and violation of the trademark.
From a careful examination of this evidence, I am satisfied that the plaintiffs are the owners of the trademark.
The plaintiffs have established that the words " Old Valley Whiskey” were used, as a destinctive mark, by the Dalys prior to their sale to Gordon, Fellows & McMillan, and that such mark, or right to use it passed under Dalys’ sale to them. There was some evidence that at some previous time the Dalys had called it “Three A,” or “Valley Whiskey,” but that at and prior to the sale to Gordon, Fellows & McMillan, it was called and stamped “Old Valley Whiskey,” and by such designation and stamp the property in it passed to them by the purchase from the Dalys, was sufficiently proven. The title thus acquired, to use as a label the words “ Old Valley Whiskey,” passed, by successive sales, to and became the property of succeeding firms down to the plaintiffs’. Previous to the formation of the defendants’ firm, the immediate prede *398 cessors of the plaintiffs had prepared, adopted, and were using as a trademark, to designate their manufacture of whiskey, a combination, including the words “Old Valley Whiskey,” purchased from the Dalys, which combination they then and now claim.
It is not, I think, very important that it should be found to be free from all doubt that the right to use the words “ Old Valley Whiskey ” was derived from the Dalys. I am inclined to believe that the weight of evidence will support such finding, and I have accordingly found the fact to be so ; but the plaintiffs do not rest their case, solely at least, upon that fact. They claim, and the evidence sustains them, that, after their predecessors or they had become the owners of the label or mark which they had purchased from the Dalys, they invented a design combining' with those words the throe letters “A” and a Maltese cross, in the arms of which were the initial letters of the respective firms. This combination, arranged and distributed so as to be suitably placed upon the head of a barrel, was branded or burned into barrel heads, previously prepared. Independently, therefore, of any right to the words “ Old Valley Whiskey,” as used by the Dalys, the plaintiffs would have the right to be protected in the use of the combination afterwards adopted by them, although a part of it consisted of those words. But it is not necessary to go so far, as the fact is found that they did not acquire this right from the Dalys.
Having determined, therefore, that the. plaintiffs are the proprietors of the combinations claimed by them as their trade-mark, it remains only to be seen whether any right in it has been usurped or violated by defendants.
It is conceded that the defendants have adopted and used a design combining with the words “Old Valley Whiskey,” the three letters “X” and a crown, which words, letters, and device are of the same size and gen *399 eral character as those of the plaintiffs; and are arranged and distributed, 'burnt or branded in, in all respects, upon the heads of barrels as prepared by the plaintiffs.
The rule as established in this court (Amoskeag Manuf. Co. v. Spear, 2 Sandf. Ch., 605) is, that the imitation of a trademark need not be exact and perfect. It may be limited and partial. It may embrace variations that a comparison would instantly disclose. Yet, if a resemblance exists which was designed to mislead the public, its use may be restrained. The same rule is stated in another case (Clark v. Clark, 25 Barb., 79) where it is said that an imitation of a trademark:, with partial differences, such as the public would not observe, does the party entitled thereto the same harm as an entire counterfeit. In another case (Partridge v. Menck, How. Ap. Cas., 559), it was held, that if the similarity of the trademark was such as probably to mislead the customers and’patrons of the owner, inducing them to suppose that, in purchasing the article marked they are purchasing that manufactured or sold by the owner, the imitation would be restrained. And the case of “ Cocoaine,”'in this court (Burnet v. Phalon, 5 Abb. Pr. N. S., 221), which was imitated by the use of the word “ Cocoine,” is an illustration of the rule.
Upon the trial, the devices of the respective parties were produced, upon barrel heads branded and prepared as for sale. A considerable amount of testimony was taken as to the effect of the defendants’ devices. Dealers in whiskey were examined who, upon inspection of the two devices, gave their opinions. The plaintiffs’ witnesses stated their opinion to be that the public would, and the defendants that it would not, be misled or deceived by the defendants’ devices ; and that description of evidence may be said to have been fairly balanced.
*400 There is nothing much more difficult than to decide upon the kind of evidence which is proper in this class of cases. The best evidence of course would be instances of actual deception. But if none such can be furnished, the opinions of witnesses, formed from a mere inspection of, the genuine and the imitation, are of little weight. They may or may not be deceived, but they are wholly unable to do more than express an opinion as to the effect in the community, the force or correctness of which is not increased or strengthened by the peculiar business in which they are engaged. An expert can easily detect a counterfeit bank-bill, but his opinion as to whether the public could detect it is not entitled to any more weight than the opinion of any other person.
From the evidence before me, as well as from an inspection of the two barrel heads, I am satisfied,, as I was upon the argument of the motion to dissolve the injunction, that the device used by the defendants is such an imitation of the plaintiffs’ trademark as is calculated to and would, if permitted to be used, mislead the public, and especially the customers and patrons of the plaintiffs, and that, therefore, the use of it by the defendants should be restrained.
Nor have I any doubt that the adoption and use by the defendants of their imitation trademark was with an intention to deceive. The evidence fully established that the defendants, or some of them at least, were well acquainted with the plaintiffs’ device and the manner and purpose for which they used it. With this knowledge they caused to be prepared, to be used in the same manner and for the same purpose, a device so characteristically like the plaintiffs as would in most cases mislead, and must _ therefore have been designed to mislead and deceive the public.
This conclusion is not shaken by the testimony, of which there was considerable that the defendants did *401 not represent the whiskey they sold as whiskey of the plaintiffs’ but of their own manufacture. They had a right to manufacture whiskey, and probably to call it “ Old Valley Whiskey.” They could also sell it to any extent and wherever they chose, but, in doing so, they must depend for their success upon their own character and fame, and not pirate upon the trademark rights of others (Taylor v. Carpenter, 2 Sandf. Ch., 617).
The plaintiffs have no peculiar property in the whiskey itself. It is not protected by any patent, and any one possessing the knowledge may manufacture and may sell it. But such right does not extend over the trademark which any person has adopted to designate the goods of his manufacture (Stokes v. Landgrass, 17 Barb., 609; Coffeen v. Breanton, 4 McLean, 517).
It is of no importance that the manufacture of the defendants was of equal or even superior quality to that of the plaintiffs (Taylor v. Carpenter, 11 Paige, 298); they had nevertheless no right to use the latter’s trademark, or to make and use any imitation of it to help or increase their trade in the article. And had the defendants put their manufacture into ordinary barrels, without label, device, or design, the plaintiffs could not have complained if they had called it “ Old Valley Whiskey,” and sold it as such. But when they put upon their barrels an imitation of the peculiar design which the plaintiffs had acquired a property in, the defendants went beyond their rights and rendered themselves liable to the restraining power of the court.
In the case of Edleston v. Vick, 23 Eng. L. & E., 51, Vice-Chancellor Wood, referring to the denial of the defendants in that case of any intention to deceive, very significantly says : “ It is not necessary or usual for the court in such cases to rely solely on the statements of the defendant in order to discover what his *402 purpose or intention may have been. The best index to that is to be found in his actions. The defendants (he says) have produced an article which so'remarkably resembles the plaintiffs that, in the opinion of the court, and I think of any jury before whom the case might be laid, the public or any unwary purchaser is likely to be misled. The court or the jury would be bound to presume that it is not a fortuitous concurrence of events which has produced -this similarity. It would be irrational not to rest convinced that this remarkable coincidence of appearance, external and internal, is the result of design.”
Upon the whole case, I am of opinion that the plaintiffs are entitled to judgment for a perpetual injunction, with costs.