NATHAN VAN BEIL, Appellant, *v.* HENRY W. PRESCOTT et al.,
Respondents.

To make an exclusive right to use a name or symbol as a trade-mark, such
use must be new; if ever before used as applicable to a like article, it
cannot be exclusively appropriated.

If the article is known to commerce in general, by the term claimed, as a
trade-mark, the claim is ill-founded.

If the term employed indicates the nature, kind, or quality of the article,
instead of showing its origin, an exclusive right to its use is not main-
tainable.

Defendants and their predecessors in business had, for more than ten years,
sold a mixture of white rock candy and rye whisky as a beverage, using
the name "rye and rock" to designate it, and in December, 1877, dis-
played signs at their place of business having on them those words.
Other parties also, during that period, had sold the same mixture known
by the same name. Plaintiffs, since December, 1877, have sold the same
mixture, and in 1878 made application to the commissioner of patents for
a trade-mark of "rye and rock" and letters of trade-mark were issued to
them. *Held*, that plaintiff had no exclusive right to the use of the words;
and that an action to restrain their use by defendants was not maintainable.

(Submitted October 15, 1880; decided November 9, 1880.)

THIS action was brought to restrain defendants from using
the words "rye and rock" in the sale of a mixture of rock
candy and rye whisky, which words were claimed by plaintiff
as a trade-mark.

The trial court found among other things that the defend-
ants and their predecessors in business, for upward of ten
years, have sold the mixture of white rock candy dissolved
in rye whisky, and during that time have used the name of
"*Rye & Rock*" to designate it as a beverage; that for at least
ten years last past, other parties have sold the same in various
parts of the United States, and that it was properly known
as "*Rye & Rock;*" that on the 25th day of December, 1877,
the defendants made various signs, and displayed them on the
inside and outside of their place of business, having on them
the words "*Rye & Rock*," to attract the attention of their cus-
tomers; that the plaintiff, since the 24th day of December,
1877, has been selling the same mixture under the same name;
and in the latter part of the year 1878, made application to the · ·

commissioner of patents for a trade-mark of "*Rye & Rock*," which application was granted and letters of trade-mark issued to him.

*Held*, that the plaintiff had no exclusive right to the use of the name "*Rye & Rock*," and that the defendants were entitled to use it to designate the article sold by them. The court state the rules of the law of trade-marks as above.

*Andrew H. H. Dawson* for appellant.

*John A. Foster* for respondents.

FOLGER, Ch. J. reads for affirmance.
. All concur.
Judgment affirmed.