Selchow v. Baker.

---

ELISHA G. SELCHOW et al., Respondents, against JAMES S. BAKER et al., Appellants.

(Decided January 12th, 1883.)

Card board on which pictures of animals, birds and other objects were printed, was cut into strips, on each of which was a part of a picture, and which constituted games or puzzles, to which the terms "sliced animals," "sliced birds," or "sliced objects" were applied, according to the subjects of the pictures. *Held*, that these were arbitrary words, in no manner descriptive of the articles, and might be protected as trademarks.

APPEAL from an order of this court continuing a preliminary injunction.

The facts are stated in the opinion.

*Samuel A. Blatchford* and *William D. Guthrie*, for appellants.—The defendants have as much right as the plaintiffs have to manufacture and sell the games and puzzles referred to in the complaint. Unless protected by the operation of a statute, a party has no exclusive property in any goods manufactured by him, so that he is entitled to manufacture them to the exclusion of anyone else. Otherwise, any per-

VOL. XI.—23

son manufacturing any goods would have a perfect monopoly in the manufacture and sale of those goods. Monopolies in anything are against common right, contrary to public policy, and void at common law (*Canal Co.* v. *Clark*, 13 Wall. 311, 323; Codington's Dig. of Trademarks, § 34; *Thomson* v. *Winchester*, 19 Pick. 214, 216). The same principle runs through all the cases (See 1 Rol. 4; *Case of the Monopolies*, 11 Coke 84 b, 86 b; 1 Hawk. P. C. c. 80, § 15; *East India Co.* v. *Sandys*, Skin. 169; *Company of Stationers* v. *Parker*, Id. 233; *Rex* v. *Waddington*, 1 East 143, 167; *Perie* v. *Corporation of Dundas*, 29 Upp. Can. Q. B. 407; *Norwich Gas Light Co.* v. *Norwich City Gas Co.*, 25 Conn. 19; *Chicago* v. *Rumpff*, 45 Ill. 90; *Hudson* v. *Thorn*, 7 Paige 261; *Slaughter House Cases*, 16 Wall. 102; Browne on Trademarks § 35). It follows, therefore, that the plaintiffs, unless protected by a patent, or by a copyright of the design of the pictures on the games or puzzles described, which they do not allege, have no special property in such games or puzzles. The defendants have a perfect right to sell these games, and the plaintiffs' claim of priority of invention has no force under the circumstances.

The office of a trade-mark is to point out distinctly the origin or ownership of the articles to which it is affixed, or in other words, to give notice who was the producer. A generic name or a name merely descriptive of an article of trade, of its qualities, ingredients, nature, manner of use, or characteristics, cannot be employed as a trade-mark, and the exclusive use of it be entitled to legal protection; a person has no right to appropriate a sign or symbol which, from the nature of the facts it is used to signify, others may employ with equal truth, and therefore have an equal right to employ for the same purpose (*Canal Co.* v. *Clark*, 13 Wall. 311; *Amoskeag Manuf. Co.* v. *Spear*, 2 Sandf. Ch. 599; *Manufacturing Co.* v. *Trainer*, 101 U. S. 51; *Ginter* v. *Kinney Tobacco Co.*, 12 Fed. Rep. 782; *Congress Spring Co.* v. *High Rock Spring Co.*, 45 N. Y. 291, 295; *Newman* v. *Alvord*, 51 N. Y. 189, 193; *Caswell* v. *Davis*, 58 N. Y. 223, 233; *Popham* v. *Cole*, 66 N. Y. 69, 75; *Dunbar* v.

*Glenn,* 42 Wis. 118, 137; *Marshall* v. *Pinkham,* 52 Wis. 572, 578). This doctrine has been fully recognized by this court (*Town* v. *Stetson,* 5 Abb. Pr. N. S. 218, affirmed 3 Daly 53; *Ayer* v. *Rushton,* 7 Daly 9); and has been applied in numerous cases (*Corwin* v. *Daly,* 7 Bosw. 222; *Choynski* v. *Cohen,* 39 Cal. 501; *Burke* v. *Cassin,* 45 Cal. 467; *Singleton* v. *Bolton,* 3 Dougl. 293; *Thomson* v. *Winchester,* 19 Pick. 214; *Wolfe* v. *Goulard,* 18 How. Pr. 64; *Bininger* v. *Wottles,* 28 How. Pr. 206; *Godilott* v. *Hazard,* 49 How. Pr. 5; *Raggett* v. *Findlater,* Eng. L. R. 17 Eq. 29; *Town* v. *Stetson,* 3 Daly 53; *Larabee* v. *Lewis,* 25 Alb. L. J. 203; *Gilman* v. *Hunniwell,* 122 Mass. 139; *Taylor* v. *Gillies,* 59 N. Y. 331; *Hecht* v. *Porter,* 6 Pacific C. L. J. 569; *Van Beil* v. *Prescott,* 82 N. Y. 630; *Burton* v. *Stratton,* 12 Fed. Rep. 696). The same rules are laid down in the leading text books on trade-marks, namely, Browne, Upton, Cox and Coddington; and were recognized and followed by the United States Patent Office while the act of Congress relating to the registration of trade-marks was in force, and before it was declared unconstitutional (Browne on Trade-marks, §§ 134, 135, 136, 164; and see Coddington's Dig. of Trade-marks, 365 *et seq*). The cases of *Wier* v. *Abrahams,* (82 N. Y. 519), and *Smith* v. *Sixbury,* (25 Hun 232), cited by the plaintiffs as sustaining their claim, and as limiting the decisions above cited, distinctly recognize the rule which the defendants insist prevails in this state—that mere words, to be upheld as a trade-mark, must be purely arbitrary, unless they are used solely to indicate the origin or ownership of the article or fabric to which they are affixed. The arbitrary character of the words used governed both decisions.

The terms "sliced animals," "sliced birds," and "sliced objects," do not indicate origin or ownership of the games or puzzles upon and in connection with which they are used, but are descriptive of the qualities, nature, and characteristics of the game upon which they are placed, whatever may have been the intention of the plaintiff. A trade-mark must be considered in connection with its subject matter

(Brown on Trade-marks § 66; Upton on Trade-marks 22; *Canal Co.* v. *Clark*, 13 Wall. 322; *Ferguson* v. *Mills*, 2 Brews. 314, 317; *Burke* v. *Cassin*, 45 Cal. 467, 478; *Raggett* v. *Findlater*, L. R. 17 Eq. 29, 35; *Larabee* v. *Lewis*, 25 Alb. L. J. 203; *Van Beil* v. *Prescott*, 82 N. Y. 630; *Ayer* v. *Rushton*, 7 Daly 9; *Burton* v. *Stratton*, 12 Fed. Rep. 696, 701). These terms are not arbitrary or fanciful. Both words in each set of terms are words in ordinary and common use in the English language. As applied to each of the games described, being as properly applicable thereto in describing the nature, quality and manner of use of the game, as a shortened description conveniently can be, and being placed upon games known to the trade and to the public, these terms are and must be considered generic (*Van Beil* v. *Prescott*, 82 N. Y. 630; *Caswell* v. *Davis*, 58 N. Y. 223; *Larabee* v. *Lewis*, 13 Rep. 270; 25 Alb. L. J. 203. See *Raggett* v. *Findlater*, L. R. 17 Eq. 29; *Town* v. *Stetson*, 3 Daly 53; *Ginter* v. *Kinney Tobacco Co.*, 12 Fed. Rep. 782; *Ayer* v. *Rushton*, 7 Daly 9; Browne on Trade-marks § 276; *Barnett* v. *Kübler*, 10 Annales de la Prop. 320, cited in Browne on Trade-marks § 166). Nor is the claim of alleged intention to adopt fanciful or arbitrary terms well founded.

The terms used are merely abbreviations of fuller descriptions (*Ayer* v. *Rushton*, 7 Daly 9). The terms are generic, and the known names of the games (*Thomson* v. *Winchester*, 19 Pick. 214, 216; see also *Marshall* v. *Pinkham*, 52 Wis. 572; *Singleton* v. *Bolton*, 3 Doug. 293; *Corwin* v. *Daly*, 7 Bosw. 222, 226; *Wolfe* v. *Goulard*, 18 How. Pr. 64; *Massam* v. *J. W. Thorley's Cattle Food Co.*, L. R. 6 Ch. Div. 574; *Sherwood* v. *Andrews*, 5 Am. L. Reg. N. S. 588, 591; *Fetridge* v. *Wells*, 4 Abb. Pr. 144).

There was no proof that any purchaser had ever been deceived by the sale by defendants of the games or puzzles under the alleged trade-marks, while intending or desiring to purchase games or puzzles manufactured by the plaintiffs. And this element has always been recognized by the courts as being the gist of an action for the infringement of a

trade-mark from the first trade-mark case ever decided, *Sothern* v. *How* (Cro. Jac. 47), until the present day (See *Canal Co.* v. *Clark*, 13 Wall. 322). If the terms used are not valid trade-marks, the alleged fraudulent intent of defendants is immaterial (*Enoch Morgan's Sons Co.* v. *Troxell*, 89 N. Y. 292). In a doubtful case, where the equity is denied, and there has been no trial on the merits, a preliminary injunction should not be allowed (*American Grocers' Pub. Assoc.* v. *Grocers' Pub. Assoc.*, 51 How. Pr. 402; *Decker* v. *Decker*, 52 How. Pr. 218).

*Frank R. Lawrence* and *Malcolm R. Lawrence*, for respondents.—The words applied by the plaintiffs to their articles not being essential to a proper description of the articles, but being arbitrary or fancy names, plaintiffs have acquired the exclusive right to their use (*Hier* v. *Abrahams*, 82 N. Y. 519; *Gillett* v. *Esterbrook*, 48 N. Y. 374; *Town* v. *Stetson*, 3 Daly 53; *Smith* v. *Sixbury*, 25 Hun 232).

BEACH, J.—The exceptionally learned brief of the appellants' counsel, shows the question involved in this appeal to have been exhaustively considered by the courts. The legal principle has been defined with exactness, leaving only a contention whether or not each case falls within its bounds. The terms "sliced animals," "sliced birds," and "sliced objects," seem to me arbitrary words, applied by the respondents to their manufactures, and in no manner descriptive of the articles. They would not impart to anyone unacquainted with the games or puzzles the least idea of what they were. The paper strips are not sliced animals, birds or objects, and the words seem equally arbitrary as "pride" applied to segars or "303" to steel pens (*Hier* v. *Abrahams*, 82 N. Y. 519; *Gillott* v. *Esterbrook*, 48 N. Y. 374).

Although lexicographers may define the verb "slice" as meaning "to cut into parts," the other definitions "to cut off a thin, broad piece," "to cut into pieces broad and flat," accord better with popular usage. Card-board cut into

strips, would not naturally be termed sliced card-board, and if on it were pictures of animals, the strips then having on each a part of the animal would not properly be called sliced animals, even by those knowing the pieces to constitute a game or puzzle. These designations, to a stranger seeking the games, would themselves give no idea of what the box contained. In the case of *Van Beil* v. *Prescott* (82 N. Y. 630), the exclusive right was denied plaintiff to use the name "Rock and Rye" to designate a mixture composed of rock candy and rye whiskey. It is true those terms would not impart a knowledge of the ingredients of the compound being candy and whiskey, yet they did indicate the nature, kind or quality of the article. In other words, they belonged to the precise and proper designation, and could not be made a trade-mark by leaving out other words which when added would give more exact information.

The order should be affirmed, with costs and disbursements.

VAN BRUNT and VAN HOESEN, JJ., concurred.

Order affirmed, with costs.*

---

* The order entered upon this decision was affirmed by the Court of Appeals June 19th, 1883 (See 93 N. Y. 59).