HYMAN, APPELLANT, v. SOLIS CIGAR COMPANY ET AL., APPELLEES.

TRADE-MARKS.

A trade-mark becomes the exclusive property of one only where he has, prior to any one else, appropriated and used it to indicate the ownership, origin and quality of an article to which it is attached.

*Appeal from the District Court of Arapahoe County.*

Messrs. LIPSCOMB & HODGES, for appellant.

Messrs. CAYPLESS, FISHER & BROWN, for appellees.

REED, J., delivered the opinion of the court.

Appellant was plaintiff below, and brought suit against appellee for an injunction to restrain the appellee from the use of a certain trade-mark, alleged to have been adopted and legally secured by appellant, and for damages alleged to have been sustained for the infringement.

It is alleged by the appellant, a dealer in cigars, that he adopted for a certain brand or quality the words "Hotel Metropole" as a trade-mark, and he obtained from one of the proprietors of the Hotel Metropole an electrotype picture of the building in this city, with which he combined certain symbols or devices, the whole constituting his trade-mark, which he had placed upon the boxes, and that, under such trade-mark, he introduced the cigar, and established a large trade; that the defendant subsequently adopted substantially the same trade-mark, and put the stock upon the market. Much evidence was taken, the injunction refused, and suit dismissed. It is alleged and established by the testimony that appellant's first use of the label by sale of cigars was in October or November, 1891. That on May 13, 1892, he filed in the United States patent office his application for letters patent and registration of his trade-mark, which was allowed June 7, 1892; on the 13th of June, 1892, he filed his statement with the secretary of state, as required by the act of 1891 (Sess. Laws, 1891, p. 396),—in both of which he claimed under oath to have adopted and used the trade-mark in September, 1891. That must be regarded as conclusive of the date of adoption and first use.

It is established beyond controversy that on June 1, 1891, appellee secured from the same source (one of the proprietors of the Hotel Metropole) an electrotype of the building, and used it, with the word "Metropole," upon a certain brand of

cigars, commenced the sale of cigars so labeled by selling 1000 to the Hotel Metropole on June 19, 1891, and continued such brand and label from that time. Under these circumstances and the facts established, the plaintiff was not entitled to an injunction or damages. " A trade-mark becomes the exclusive property of one only where he has, prior to any one else, appropriated and used it to indicate the ownership, origin, and quality of an article to which it is attached." *Stokes v. Landgraff*, 17 Barb. 608 ; *Van Beil v. Prescott*, 82 N. Y. 630 ; *Morgan's Sons v. Troxall*, 89 N. Y. 297 ; *Taylor v. Carpenter*, 11 Paige, 292 ; *Ex parte Lyon*, Price & S. Am. Trade-Mark Cas. 911. It is useless to multiply authorities in support of the proposition. I am not aware that it has ever been questioned. The fact having been established that the label of appellee, the use of which was sought to be restrained, had been adopted and in use long before its adoption and use by appellant, was fatal to the relief asked. The judgment of the district court will be affirmed.

*Affirmed.*