JOSEPH BURNETT ET AL., RESPONDENTS, v. EDWARD PHALON ET AL., APPELLANTS.

*Trade-mark—Infringement, what—Injunction.*

Every merchant or manufacturer of an article has the right to establish for his own exclusive use a trade-mark, which becomes his property, and the Courts will protect by injunction or otherwise his use of the same. Any counterfeit or imitation of such mark calculated to impose upon the public, is an infringement of such mark, and will be prohibited by injunction.

*E. W. Dodge* for Appellants.
*John Sherwood* for Respondents.

DAVIES, CH.J.—This action was brought to restrain the Defendants from manufacturing, using, selling, or in any manner disposing of a compound or preparation with the name " Cocoine," or " Cocoaine," printed or stamped upon the bottles, labels, wrappers, covers, or packages thereof; also from using the word " Cocoaine " or " Cocoine " upon any wrappers, labels, or trademarks, and also from manufacturing, selling, or offering for sale, any preparation or compound under the name of " Cocoine " or " Cocoaine ;" and also from imitating, in any manner, the trademark " Cocoaine;" and that Defendants may account to the Plaintiffs, and pay over to them the profits of all the said material sold under the simulated name and trade-mark above set forth.

Upon the trial by the Court, without a jury, the following facts were found.

1. That in or about the month of November, 1856, the Plaintiffs, druggists and apothecaries, compounded from cocoa-nut oil, and other ingredients, a mixture used as a hair-wash, for which they devised as their trade-mark a name, word, device, or title never before used, by which to mark their said compound, to wit, the name or word " Cocoaine," and that they published the same

very extensively, with notice that they had adopted said name or title as their " trade-mark," to secure the public and the proprietors against imposition, and that all unauthorized use of this trade-mark would be promptly prosecuted ; that the Plaintiffs then and thereupon introduced their said compound into the market, and expended a sum exceeding ten thousand dollars in advertising, publishing, and introducing the same.

2. That in or about the month of November, 1858, the Defendants, Edward Phalon and Henry L. Phalon, composing the firm of Phalon & Son, of the city of New York, hair-dressers and perfumers, commenced the preparation and sale of a similar compound, in bottles not unlike those containing the Plaintiffs' compound, and with labels under the name and title of " Cocoine," and that they have since manufactured and sold large quantities thereof.

3. That the Defendants, well knowing that the name, word, or title of " Cocoaine" was, and for a considerable time had been the trade-mark of the Plaintiffs, with the wrongful intention of inducing the public to believe that the compound sold by themselves under the name, word, or title of " Cocoine " was that of the Plaintiffs ; and with the wrongful intention of securing to themselves the benefit of the skill, labor, and expense of the Plaintiffs, had so closely imitated and used the aforesaid trade-mark of the Plaintiffs as to deceive the public and injure and endamage the Plaintiffs.   That the word, name, title, or device " Cocoine " is a spurious and unlawful imitation by the Defendants of the word, name, title, or device " Cocoaine," the aforesaid trade-mark of the Plaintiffs.

4. That there was no evidence to support the Defendants' allegations that the Plaintiffs have in any manner committed any fraud, or imposed upon the public.

5. That the Plaintiffs are entitled to the relief demanded in the complaint, that the Defendants be perpetually enjoined and restrained from the further imitation and use of the aforesaid trade-mark of the Plaintiffs, and that the damages which the Plaintiffs had sustained they were entitled to recover.

Such damages having been ascertained, judgment was rendered accordingly for the Plaintiffs; and on an appeal to the General Term, the same was affirmed. Upon the facts found by the Court, the right of the Plaintiffs to the relief granted is clear and indisputable. The Plaintiffs have adopted, appropriated, and used a certain trade-mark. This has become their property, and, for its protection from invasion or use by others, the Plaintiffs are entitled to invoke the aid of courts of justice.

We have the ascertained facts before us, that the Defendants are using a spurious and unlawful imitation of the Plaintiffs' trademark. This they cannot be permitted to do. The cases in the Courts of this State have firmly established this doctrine (Coats *v.* Holbrook, 2 Sand. Ch. R. 586, and cases there cited; Taylor *v.* Carpenter, ib. 603; same case in Court of Errors, ib. 611; Patridge *v.* Monck, ib. 622; Williams *v.* Johnson, 2 Bos. 6; Stokes *v.* Landgraff, 17 Barb. 608; Wolfe *v.* Goulard, 18 How. Pr. R. 64; Clark *v.* Clark, 25 Barb. 76; Brooklyn White-Lead Co. *v.* Masury, ib. 416).

The rule is nowhere laid down with more clearness and accuracy than by Mr. Justice ~~Drew~~, in his elaborate and able opinion in the case of the Amoskeag Manufacturing Company *v.* Spear (2 Sand. S. C. Rep. 599). He thus says: " Every manufacturer, and every merchant for whom goods are manufactured, has an unquestionable right to distinguish the goods that he manufactures or sells by a peculiar mark or device, in order that they may be known as his in the market for which he intends them, and that he may thus secure the profits that their superior repute as his may be the means of gaining. His trade-mark is an assurance to the public of the quality of his goods, and a pledge of his own integrity in their manufacture and sale. To protect him, therefore, in the exclusive use of the mark that he appropriates, is not only the evident duty of a Court, as an act of justice, but the interests of the public, as well as of individuals, require that the necessary protection shall be given." Upon the facts proved by the Court on the trial of this action—and such finding is conclusive upon this tribunal—the judgment of the Superior

Court of New York was correct, and should be affirmed, with costs.

All concur.

Affirmed.