STOUGHTON *v.* WOODARD *et al.*

(*Circuit Court, W. D. Wisconsin.* August 6, 1889.)

TRADE-MARKS—"COUGH CHERRIES."
    The words "Cough Cherries," as applied to a confection, are not descriptive of the qualities of the article, but are sufficiently arbitrary and fanciful to be appropriated as a trade-mark.

In Equity. On bill for injunction.
Action by Dwight G. Stoughton against Marshall J. Woodard and others to restrain defendants from using complainant's trade-mark.
*Coltzhausen, Sylvester & Scheiber,* for complainant.
*Hall & Skinner,* for defendants.

BUNN, J. This is an application by the complainant for a temporary injunction to restrain the defendants from using the complainant's trade-mark. The case stands upon the allegations of the complainant's bill. By said bill it appears that in September, 1886, the complainant, residing at Hartford, Conn., and engaged in the manufacture and sale of confections, adopted as a trade-mark, under the laws of Connecticut, the words "Cough Cherries" for a certain brand of confections made and sold by him; that he has continued such manufacture and sale, in connection with the use of such trade-mark, from 1886 to the present time; that he has expended large sums of money in advertising said confection, so that the goods sold under this designation have become widely

known to the trade; that no one had ever used the said words in connection with the manufacture and sale of confections before; that the goods so manufactured and sold by complainant under said trade-mark are of a form roughly approximating an oblate spheroid, of a reddish color, of a cherry flavor, and medicated for alleviating coughs and colds. It is further alleged, and the fact is not controverted, that the defendants have, since the 15th day of February, 1888, at Watertown, Wis., been engaged in making and selling, without complainant's leave, confections similar to those of complainant, put up in a similar manner, and labeled with the same words, "Cough Cherries."

The only question for the court to determine is whether the words adopted by the complainant can properly be used and appropriated as a trade-mark. And under the principles established by adjudged cases I think they may. The rule applicable to the case is perhaps laid down as well in *Selchow* v. *Baker*, 93 N. Y. 59, as in any adjudged case, as follows:

"That when a manufacturer has invented a new name, consisting either of a new word or words in common use, which he has applied for the first time to his own manufacture, or to an article manufactured for him, to distinguish it from those manufactured and sold by others, and the name thus adopted is not generic or descriptive of the article, its qualities, ingredients, or characteristics, but is arbitrary or fanciful, and is not used merely to denote the grade or quality, he is entitled to be protected in the use of that name."

In that case the complainant had manufactured and sold pictures of animals in sections arranged in such a manner that when put together in a certain way a picture of an animal would be presented. These pictures they had put up in boxes and labeled "Sliced Animals." The court held that the words were not simply descriptive of the articles sold, but were more or less arbitrary and fanciful. I think the same rule applies to this case. The words "Cough Cherries" are not properly merely descriptive of the qualities of the thing manufactured and sold, but are to a large extent arbitrary and fanciful, quite as much so as "Sliced Animals," applied to pictures of animals in parts or sections. If the label adopted had been "Cough Candy," "Cough Remedy," or "Cough Confection," or if the article sold had been cherries in fact, and labeled as these goods were, the case would come within the ordinary rule that, when the words adopted are simply descriptive of the qualities of the article sold, they will not be sustained as a trade-mark, on the principle that what is already the common property of everybody cannot be exclusively appropriated as the property of any individual. But the words "Cough Cherries," applied to a confection, are clearly distinguishable, in my judgment, from all the cases I have examined where the court has refused to sustain a trade-mark on the principle above stated. An injunction will issue as prayed.