### BAILLY *v.* NASHAWANNUCK MANUF'G CO.

*(Supreme Court, Special Term, New York County.     April 15, 1890.)*

TRADE-MARKS—DESCRIPTIVE WORDS—"HYGIENIQUES."

    The word "hygieniques," as applied to suspenders, is not descriptive, in the ordinary sense, and may become the subject of a valid trade-mark.

Action by Paul Bailly against the Nashawannuck Manufacturing Company, arising out of the use by defendant of certain marks and devices on suspenders, and on the boxes in which the suspenders were packed, and to which plaintiff claimed the right.

*Lee & Lee,* for plaintiff.     *Wetmore & Jenner,* for defendant.

BARRETT, J. The word "hygieniques," as applied to suspenders, is not descriptive, in the ordinary sense. The word "elastic" would be. The word "hygieniques" is suggestive of the good quality of the suspenders, and of its usefulness; but it does not directly characterize the article, nor the methods which tend to make it healthful. At the outside, such word is descriptive only in a modified or indirect sense, and, as it does not monopolize a part of the language essential or appropriate to describe the article, it may become the subject of a valid trade-mark. Words which are but inferentially or remotely descriptive, indicating neither origin nor ownership, but merely some special quality or peculiarity of the article itself, may properly be regarded as fanciful or arbitrary in the legal sense. The case on this head is within the principles enunciated in *Selchow* v. *Baker,* 93 N. Y. 59, and the injunction should run against the defendant. Upon the facts, it is a barefaced attempt to defraud the plaintiff, and to palm off the defendant's goods as his.