CHARLES SCHENDEL AND ANOTHER, RESPONDENTS, *v.* SAMUEL SILVER, APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Trade-mark — acquired in the words "Nickle-In," used by a cigar manufacturer.*

A firm, engaged in the manufacture of cigars in New York city, adopted as a brand for cigars manufactured by them the words "Nickel-In." Samuel Silver subsequently opened a store in the city of Brooklyn, which he called the "Nickel-Saved" store. He copied the devices of the firm and attached the words "Nickel-Saved" to his cigars as a brand, by which persons were deceived, supposing the cigars to be those of the firm.

In an action brought by the firm to prevent the continuance of this alleged infringement of its trade-mark:

*Held,* that the firm could acquire a trade-mark in the words "Nickle-In."

That where a manufacturer has invented a new name, either a new word or a common word applied for the first time to distinguish his manufactures, although the word is not generic or descriptive, but is entirely fanciful and arbitrary, he is entitled to be protected in its use.

That this is the rule, even though the word has become so generally known that the public have adopted it as descriptive of the article.

That the acts of Silver were a clear infringement of the plaintiffs' trade-mark, the term "Nickle-Saved" being so similar to it as to deceive the public.

APPEAL by the defendant Samuel Silver from a judgment of the Supreme Court, entered, after a trial before the court at the New York Special Term, in the office of the clerk of the city and county of

New York on the 18th day of May, 1891, decreeing that the plaintiffs have acquired a trade-mark in the word "nickel," in connection with the word "in," or any other word as applied to cigars, and enjoining the defendants from employing, in the manufacture or sale of cigars not made or sold by the plaintiffs, the words "nickel-saved," or any other word in connection with the word "nickel."

*Marshall P. Stafford,* for the appellant.

*Benedict S. Wise,* for the respondents.

Van Brunt, P. J.:

This action was brought to restrain an infringement of a trade-mark. The respondents were manufacturers of cigars doing business in the city of New York. In July, 1889, they adopted as the designation of the brand of cigars which they manufactured the words "Nickel-In." This designation appeared prominently in their places of business and was affixed to their packages and impressed upon their boxes.

In the year 1890, one of the defendants, in conjunction with others, opened a cigar store in Brooklyn, which he called the "Nickel-Saved" cigar store. In this store the defendants copied the various devices of the plaintiff to attract trade, and also attached the words "Nickel-Saved" as a trade-mark to his cigars. The plaintiff gave evidence upon the trial showing that persons had been deceived in purchasing the cigars manufactured by the defendants, supposing them to be those manufactured by the plaintiffs.

There can be no contention whatever that the adoption of the trade-mark "Nickel-Saved" by the defendants was in the hope that they might deceive the public into purchasing their cigars, supposing them to be those manufactured by the plaintiffs, and which had acquired a reputation. And the only question which it is necessary to discuss upon this appeal is as to whether the plaintiff can acquire a trade-mark in the combination of the words "Nickel-In," in connection with the manufacture and sale of cigars.

In the decision in the case of *Selchow* v. *Baker* (93 N. Y., 59), it seems to us that the right to acquire such a trade-mark is clearly recognized. In that case it was held that the manufacturer who has invented a new name, consisting either of a new word or of a

word or words in common use, which he has applied for the first time to his own manufactures, or to articles manufactured for him, to distinguish them from those manufactured and sold by others, if the name be not generic or descriptive of the article, and not used to denote grade or quality, but is arbitrary and fanciful, he is entitled to be protected in its use even though it has become so generally known as to be adopted by the public as descriptive of the article.

In that case the plaintiffs had adopted the name of " sliced animals " to certain toys which they had manufactured, and which represented various objects in detached pieces, to be put together by the child using the toys, thereby forming the complete object. And it was held that this was an arbitrary use of a word or words in common use, not at all generic or descriptive of the article, and which did not denote its grade or quality; and that, therefore, the plaintiffs could acquire a trade-mark therein. So, in the case at bar, the plaintiffs invented a combination of words in common use for the purpose of representing articles of their manufacture. These words were not in any manner descriptive of the article; neither did they denote their grade or quality, but were arbitrary and fanciful, and originated with the plaintiffs. This would seem clearly to entitle them to the protection given to trade-marks, in the use of the name in connection with the manufacture of articles sold by them.

It is true that the name used by the defendants consisted of the words " Nickel-Saved." But it is apparent that this combination was resorted to for the purpose of possibly escaping the result of an infringement of a trade-mark, but being so near a resemblance thereto as to deceive the public.

We think, therefore, that the plaintiff was entitled to be protected from this fraudulent invasion of the rights which he had acquired, and that the judgment appealed from should be affirmed, with costs.

O'BRIEN, J., concurred in the result.

Judgment affirmed, with costs.