(7 Misc. Rep. 461.)

CAHN et al. v. HOFFMAN HOUSE.

(Common Pleas of New York City and County, Equity Term. November, 1893.)

TRADE-MARKS—INFRINGEMENT.

Though plaintiff's label, inscribed "Maryland Club Rye Whisky," is a trade-mark, it is not infringed by defendant's label, inscribed "Maryland Rye," and underneath in smaller but equally conspicuous print, "Club Whisky," as the word "Club" indicates the quality of liquor, and the word "Maryland" denotes merely the geographical origin of the product.

Action by Bernard Cahn and others against the Hoffman House to enjoin an alleged infringement by defendant of plaintiffs' trademark. Judgment for defendant.

Thomas B. Odell, for plaintiffs.
John Delahunty, for defendant.

BISCHOFF, J. In Cahn v. Gottschalk (Com. Pl.) 2 N. Y. Supp. 13, it was held that plaintiffs' use of a label inscribed "Maryland Club Rye

Whisky" constituted a trade-mark, and that the use by another of a label inscribed "Maryland Jockey Club Rye Whisky" was an infringement of the former. From the reported opinion, however, in the case referred to, it appears that the decision was predicated of the fact that the inscription of plaintiffs' label was an arbitrary designation of a particular product sold or manufactured by them. Selchow v. Baker, 93 N. Y. 59. In the case at bar it appears unchallenged that the word "Club," when applied to the various kinds of wines and liquors, has, by usage in the wine and liquor trade, acquired a special and well-understood meaning, and indicates that the wine or liquor so marked is wine or liquor, as the case may be, of superior grade or quality. For that reason I am of the opinion that the two cases are distinguishable. Observing the meaning of the word "Club" in the wine and liquor trade, it seems clear and indisputable that the inscription of the plaintiffs' label consists wholly of a combination of words in ordinary use as descriptive adjectives, "Maryland" denoting geographical origin of the product, "Club" its quality, and "Rye Whisky" its kind. It is well-settled law that words in ordinary use, or combinations of such words, which are descriptive only of a particular product in the respects mentioned, are incapable of exclusive appropriation for the purposes of a trade-mark. Caswell v. Davis, 58 N. Y. 223; Keasby v. Chemical Works (Sup.) 16 N. Y. Supp. 318; Schendel v. Silver, 63 Hun, 330, 18 N. Y. Supp. 1; Canal Co. v. Clark, 13 Wall. 311; Manufacturing Co. v. Trainer, 101 U. S. 51; Goodyear's India Rubber Glove Manuf'g Co. v. Goodyear Rubber Co., 128 U. S. 598, 9 Sup. Ct. 166. Nor can this action be maintained on the ground that defendant's label is intended or tends to allure the public into a belief that the product or compound bearing it is the one sold or manufactured by plaintiffs. Defendant's label is inscribed "Maryland Rye," and underneath, in smaller but equally conspicuous print, "Club Whisky." In that respect, however, it resembles plaintiffs' label only in that it is descriptive of geographical origin, quality, and kind. In design it is so strikingly dissimilar that no one intending to purchase plaintiffs' product can, by the label merely, be deceived into a belief that he is receiving according to his intention. There should be judgment for defendant, with costs. Judgment for defendant, with costs.