(12 Misc. Rep. 270.)

## ST. LOUIS STAMPING CO. v. PIPER.

(Supreme Court, Special Term, New York County.  April, 1895.)

TRADE-MARKS—DESIGNATION OF MARKED GOODS—EXPIRATION OF PATENT.

On the expiration of a patent under which was manufactured kitchen ware, described as "granite," the public has the right to use that word in connection with the article; and the manufacturer is not entitled to the exclusive use of it, as a common-law trade-mark.

Action by the St. Louis Stamping Company against Elwood S. Piper for an injunction. A preliminary injunction was granted, and plaintiff moves to continue the same. Denied.

In 1874 the plaintiff commenced the manufacture of gray mottled enameled ironware. In 1876 a patent was issued for the process of making this enamel. The plaintiff applied to its goods the name "Granite Ironware," and under that name they became known to the public throughout the country. The plaintiff has now established a city known as Granite City, opposite St. Louis, where about 1,500 men are employed, and salaries of about $75,000 per month are paid. The defendant, having purchased goods from another manufacturer, advertised them for sale as "graniteware," and thereupon this motion was made to enjoin the use of that name in connection with the ware, the plaintiff claiming a common-law trade-mark in the name.

Briesen & Knauth, for plaintiff.

Samuel Untermyer, for defendant.

BEACH, J.  The term "granite" was doubtless susceptible of use by the plaintiffs as an appropriate common-law trade-mark for goods of their manufacture. The difficulty, however, in the way of granting the injunction prayed for pendente lite, arises from the fact of their having so designated the ware, for many years of manufacture by them, under the protection of letters patent which expired in 1893. Then the designation of "granite" became public property, as well as the ware covered by the patent. That they may have taken out other letters, still unexpired, in my opinion, does not prolong the monopoly of the name, but only gives protection as to the specific parts of the manufactured article covered by them. The legal principle above stated is supported by a long line of adjudicated cases. The defendant's advertisement in no way tended to deceive the public, by inducing buyers to believe the merchandise was manufactured by the plaintiffs. The words of the learned court in Selchow v. Baker, 93 N. Y. 59, seem most apt:

"And when the patent expires, or in foreign countries, where the patent has no force, there is no piracy in making or selling the article under the name by which it has become generally known. This name has become the proper description of the article, as indicating that it is made according to the patented invention, and is not the trade-mark of any particular manufacturer. The patentee relies for his protection upon his patent, and cannot, by calling the name of his patent a trade-mark, protect his monopoly after the patent has expired, or where it has no force."

Motion to continue injunction denied, with $10 costs, and existing writ vacated.