# KENTUCKY DISTILLERIES & WAREHOUSE COMPANY *v.* OLD LEXINGTON CLUB DISTILLING COMPANY.

---

TRADEMARKS; CORPORATE NAMES; DESCRIPTIVE TERMS; TEN YEARS' USE; GEOGRAPHICAL TERMS; IDENTITY OF NAMES.

1. Under sec. 5 of the trademark act of 1905 (33 Stat. at L. 725, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010), prohibiting the registration of a mark consisting of the name of a corporation, the registration of the words "Old Lexington Club," as a trademark for whisky, upon the application of a corporation the name of which is the "Old Lexington Club Distilling Company," will not be allowed,—especially where the testimony shows that the corporate name of the applicant was derived from the mark sought to be registered.

2. A word, in its early use, may be neither descriptive, nor denote quality, but, by constant and repeated use and application to a particular product, it may become descriptive of the goods and also denote their quality.

3. A geographical name, by long-continued use on the goods to which the name is applied as a trademark, conveys to the public at once the origin of the product, and gives to the goods on which it is used a

significant designation forbidden by the statute; and such a name therefore cannot be registered as a technical trademark.

4. The words "Old Lexington Club," as applied to whisky, do not constitute a technical trademark, as the word "Club," as applied to liquors, has become by long use a descriptive term, indicating a liquor of superior grade or quality; and the word "Lexington" is a geographical term, denoting the place from which the product is derived.

5. Exclusive use for ten years of the words "Old Lexington Club," as applied to whisky, is not shown by an application for registration of such words, where it appears that the opposer, during that time, has been using the words "Lexington Club," as applied to whisky.

6. The marks "Old Lexington Club" and "Lexington Club," as applied to whisky, are so nearly identical as to tend to confuse and mislead the public; and neither is therefore entitled to registration.

No. 477.   Patent Appeals.   Submitted March 18, 1908.   Decided April 7, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference case.     *Reversed.*

The facts are stated in the opinion.

*Mr. James L. Hopkins, Mr. P. Lewis Anderson,* and *Mr. William M. Cromwell* for the appellant.

*Mr. John M. Coit, Mr. Arthur E. Wallace,* and *Mr. Jerome D. Creed* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents granting the application of appellee, the Old Lexington Club Distilling Company, to register the words "Old Lexington Club" as a trademark for whisky. Opposition was duly filed to the registration of this mark by appellant, the Kentucky Distilleries & Warehouse Company. It appears from the record that appellee and its predecessors have used this mark on certain of its distilled products since the year 1874.

Appellant bases its opposition upon the use by itself and
its predecessors of the words "Lexington Club" as a mark on
certain of their products continuously since the year 1878.   Ob-
jection is raised by both parties to this controversy as to the
sufficiency of the pleadings of the other to support the posi-
tion here assumed.   We are not impressed with mere techni-
calities in this class of cases, when it appears that the Com-
missioner of Patents has considered the issues presented on
appeal.

Appellant comes here upon the following assignment of
errors:

"First.  Because the Commissioner of Patents erred in award-
ing registration to the applicant.

"Second.  Because he erred in dismissing the opposition.

"Third.  Because the decision is against the law and the
evidence.

"Fourth.  Because he erred in refusing to consider evidence
of abandonment adduced from applicant's witnesses.

"Fifth.  Because he erred in finding that the casual, inter-
mittent, and spasmodic use, if any, made by applicant's pred-
ecessors prior to opposer's date of firs use was sufficient to
establish a trademark right.

"Sixth.  Because he erred in finding that the words 'Lex-
ington Club' constitute a technical mark, and that they are sub-
ject to exclusive appropriation.

"Seventh.  Because he erred in holding that an applicant
is not estopped by his oath, bringing his application under the
ten-year proviso, from claiming it as a technical trademark.

"Eighth.  Because he erred in holding that an averment in
the declaration bringing the application under the ten-year
proviso is 'mere surplusage,' and that the applicant is not
bound thereby.

"Ninth.  Because he erred in finding that the application
not was made under the ten-year proviso of the act of Feb-
ruary 20, 1905."

There are several provisions of the statute, which, we think,
forbid the registration of the mark in question.   Sec. 5 of

the act of Congress of February 20, 1905, among other things, provides: "That no mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this act." It will be observed that the tradename here sought to be registered is almost a reproduction of the corporate name of the applicant. In fact, it seems probable, from an examination of the record in this case, that the corporate name of the appellee company was derived from the mark sought to be registered, since "Old Lexington Club" was a name applied to liquor distilled and sold by the predecessors in business of appellee.

We are also of the opinion that the words "Old Lexington Club" do not constitute a technical trademark. The word "Club," as applied to liquors, has become a descriptive term. A word in its early use may be neither descriptive, nor denote quality, but, by constant and repeated use and application to a particular product, become descriptive of such goods, and also denote their quality. Counsel for appellant in their brief cite fifty-six combinations of the word "Club," which have been registered in the Patent Office, to be used as trademarks on different kinds of liquors, principally whiskys. Such an indiscriminate use of a word as has been made of the word "Club," in connection with the marking of brands of liquors can convey to the public but one meaning,—that it is descriptive of the goods and denotes certain qualities possessed by them. In Cahn v. Hoffman House, 28 N. Y. Supp. 388, the court said: "In the case at bar it appears unchallenged that the word 'Club,' when applied to the various kinds of wines and liquors, has, by usage in the wine and liquor trade, acquired a special and well-understood meaning, and indicates that the wine or liquor so marked is wine or liquor, as the case may be, of superior grade or quality. For that reason, I am

of the opinion that the two cases are distinguishable. Observing the meaning of the word 'Club' in the wine and liquor trade, it seems clear and indisputable that the inscription of the plaintiffs' label consists wholly of a combination of words in ordinary use as descriptive adjectives, 'Maryland' denoting geographical origin of the product, 'Club' its quality, and 'Rye Whisky' its kind. It is well-settled law that words in ordinary use, or combinations of such words, which are descriptive only of a particular product in the respects mentioned, are incapable of exclusive appropriation for the purposes of a trademark."

It will be observed in this case that the word "Maryland" was held objectionable as denoting the geographical region from which the product was derived. In the case at bar it appears that the distillery of appellee is located at Lexington, Kentucky, and that the name here sought to be registered was first used by its predecessors at that place. A geographical name, by long-continued use on the goods to which the name is applied as a trademark, conveys to the public at once the origin of the product, and gives to the goods on which it is used a significant designation forbidden by the statute. It, therefore, is apparent that the mark sought to be registered, cannot be registered as a technical trademark.

Unless appellee can show exclusive use of its mark for ten years prior to the passage of the act of Congress of February 20, 1905, the decision of the Commissioner must be reversed. A stipulation appears in the record before us, wherein it is agreed by the parties that the appellant has used the mark "Lexington Club" on certain grades of liquors distilled by it continuously since 1899. While the mark of appellant, "Lexington Club," and the mark of appellee, "Old Lexington Club," are not identically the same, we are of the opinion that appellee is not entitled to the registration of its mark by reason of having used the same exclusively for ten years prior to the act of February 20, 1905. To hold that appellee is entitled to such registration because of the slight difference in the marks would, at the same time, admit appellant to the

registration of its mark under the same conditions. The registration of both marks by the Patent Office is, in our opinion, forbidden by the 5th section of the act of 1905, which provides: "That trademarks which are identical with a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered."

There can be no doubt but what the use of the trademark "Old Lexington Club" would tend to mislead and confuse the public with the words "Lexington Club," which are shown to have been widely used by appellant for a long period of time. Confusion is not only forbidden between registered trademarks, but between a registered mark and a mark known to be in use. Both of the marks in question have long been in general use, and the registration of either one would tend to confuse the public mind with the other. *Re S. C. Herbst Importing Co.* 30 App. D. C. 297. Where two marks are so nearly identical as to tend to confuse and mislead the public, neither is entitled to registration, even under the ten-year clause of the act of 1905. We are therefore of the opinion that, under the statute, there has been no such exclusive use of the mark in question by appellee as would entitle it to registration. *Worcester Brewing Corp.* v. *Reuter & Co.* 30 App. D. C. 429.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.                                    *Reversed.*

A petition for rehearing, filed April 17, 1908, was denied April 20, 1908.