24

## KRAFT CHEESE CO. v. COE, Commissioner of Patents.

### Civil Action No. 16059.

District Court of the United States for the District of Columbia.

Nov. 13, 1943.

Thomas L. Mead, Jr., of Washington, D. C., and Cyril A. Soans and William E. Anderson, both of Chicago, Ill., for plaintiff.

W. W. Cochran, Sol., U. S. Patent Office, of Washington, D. C., for defendant.

BAILEY, Justice.

The Commissioner of Patents has refused to register to applicant under the Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., the mark "Old English" written in old English script as a trademark for cheese upon the ground that the word "English" is geographical and the combination of the two is both descriptive and geographical.

It is clear that the word "English" is geographical and the applicant has disclaimed this particular word. However, the word "old" is clearly descriptive and under the rule laid down by the Court of Appeals in the case of Kentucky Distilleries & Warehouse Co. v. Old Lexington Club Distilling Co., 31 App.D.C. 223, it was held that "Old Lexington Club" was not registrable under the Act of 1905, since "Club" is descriptive of the goods and that "Lexington" is geographical. The applicant contends that the words "Old English" would be understood by the public as referring to a period in the English history which is sometimes designated as the Anglo-Saxon period and sometimes as the Old English period. The cheese made by the applicant which he sells under this mark is, what is known as, Cheddar Cheese, the making of which originated in England, and it would seem that the meaning which the words "Old English" would produce on a buyer would be that at least it represented cheese made in the Old English manner.

I think the defendant correctly refused registration of this mark and the complaint will be dismissed.